### CHARLES F. KRAEMER v. THE KRAEMER DRUG COMPANY.

1. In replevin, after the defendant has appeared and demurred to the declaration, it is too late for him to set aside the writ.
2. If the writ be quashed after demurrer and joinder filed, such judgment will be reversed on error brought.

------

On error to the Essex Circuit Court.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff in error, *Samuel Kalisch.*

For the defendant, *George W. Byram.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was an action of replevin. The writ commanded the sheriff to cause to be repleyied and delivered unto the plaintiff " the good will, fixtures, furniture

and stock in trade in the drug business now carried on in the name of the Kraemer Drug Company, in the house on the southwest corner of Clinton and Mulberry streets, in the city of Newark, in the condition in which it is when you take possession," &c.

This writ having been properly executed and returned, and the defendant thereby summoned, a declaration was thereupon filed, to which the defendant demurred. The issue thus tendered was accepted by the plaintiff, who put in a joinder.

This being the situation, the defendant moved, in the Circuit Court in which the action was pending, to quash the writ on the ground that the chattels to be replevied were not described in the process with sufficient particularity. That motion prevailed, and the judgment thereupon entered, quashing the writ, is the subject of this writ of error.

The court is of opinion that this judgment cannot be sustained. The force of the writ was spent by the appearance of the defendant and the putting in of the demurrer by him. The issue thus raised still remains undisposed of and is in nowise affected by the quashing of the writ. If the demurrer should be noticed for argument, the question of law presented by it would have to be decided quite independently of the fact that the initial process in the action had been declared to be invalid. The question standing on the record and calling for judgment is whether a legal cause of action is exhibited in the declaration, and that question has manifestly nothing whatever to do with the decision that the writ is insufficient. It would be wholly impracticable to finally dispose of the case upon the record so long as an issue formally introduced by the parties should remain undecided. The proceeding is entirely anomalous.

Let the judgment be reversed.

In order to avoid misconception it may not be amiss to say that the writ in this case, in point of descriptive force, seems to be justified by judicial opinion. 20 *Am. & Eng. Encycl. L.*, *p.* 1087, *tit.* "*Replevin.*"